IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO.:  5:20cr10-MEW

FREDDIE KNOWLES, III

_____/

## STATEMENT OF FACTS FOR GUILTY PLEA

The defendant admits if this case were to proceed to trial, the government could prove the following beyond a reasonable doubt:

Throughout 2019, law enforcement officers received information that a then unknown Hispanic male was transporting large quantities of methamphetamine on a regular basis from the Atlanta metropolitan area to Bay County, Florida. Investigation ultimately revealed that between November 2019 and January 2020, co-defendant Ulises Perez supplied the Defendant and others with methamphetamine that either Perez or his associates would transport from Georgia to Bay County, Florida for distribution. The narcotics were generally "fronted," whereby Perez received payments from the Defendant and others with proceeds from drug sales which occurred in Bay County.

On January 31, 2020, law enforcement was granted a state K-9 open-air sniff

1

FILED IN OPEN COURT THIS

6/18/2020

CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

warrant for the premises identified as the Defendant's residence, located in Panama City, Florida. The K-9 was deployed and gave a positive alert on the residence. A separate state warrant was applied for. While doing so, law enforcement made contact with the Defendant. In a post-*Miranda* interview, the Defendant admitted to engaging in narcotics trafficking with co-defendant Perez on multiple occasions, including near in time to the warrant execution, when Perez collected approximately $12,000 in drug proceeds from the Defendant, which was consistent with the amount recovered from Perez upon his arrest.

The Defendant also admitted that multiple kilograms of methamphetamine were buried in his yard and told law enforcement where the narcotics were located. Upon the execution of the search warrant, law enforcement recovered approximately four (4) kilograms of methamphetamine, which were housed in white PVC pipes buried in the yard. This substance later field tested positive for methamphetamine.

The Defendant also disclosed that several firearms were hidden under his back porch steps. Law enforcement recovered eight firearms, which were later analyzed and determined to have moved in interstate or foreign commerce. The firearms recovered were:

- Winchester, model 1300, 12 gauge shotgun manufactured in Connecticut;

- Remington, model 11-87, 12 gauge shotgun manufactured in New York;

- Rogue Rifle Company, model Chipmunk, .22 Rifle manufactured in Oregon;

- Glock, model 23C, .40 caliber pistol manufactured in Austria;

- Raven Arms, model MP-25, .25 caliber pistol manufactured in California;

- Taurus International Manufacturing Company, model PT 111 G2, 9mm pistol manufactured in Brazil;

- Savage Arms Inc., model Axis, .30-06 caliber rifle manufactured in Massachusetts;

- New England Firearms, model Pardner Tracker II, 20 gauge shotgun manufactured in Massachusetts.

The Defendant was a convicted felon, as detailed in the Indictment, prior to January 31, 2020.  The Defendant had knowledge of his status as a convicted felon prior to January 31, 2020.  Firearm components, ammunition, and approximately $3,500 in U.S. Currency were seized from a safe in the Defendant's bedroom.

## NOTICE OF ELEMENTS

### Count One: Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine - 21 U.S.C. § 846

First:  the Defendant in some way agreed with at least one other person to try to accomplish a shared and unlawful plan to distribute or possesses with the intent to distribute cocaine and cocaine base;

Second:  the Defendant knew the lawful purpose of the plan and willfully joined in it; and

Third:  the object of the unlawful plan was to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of isomers

### Count Four:  Possession with the Intent to Distribute - 21 U.S.C. § 841(a)(1) and 841(b)(1)(C)

First, the Defendant, did knowingly and intentionally possess a controlled substance, and this offense involved methamphetamine; and

Second, the Defendant intended to distribute that methamphetamine to another person.

**Count Five:  Felon in Possession of a Firearm - 18 U.S.C. § 922(g)(1)**

First, the Defendant knowingly possessed a firearms in or affecting interstate or

foreign commerce; and

Second, before possessing the firearms, the Defendant had been convicted of a

felony, a crime punishable by imprisonment for more than one year, and had

knowledge of his status.

LAWRENCE KEEFE
United States Attorney

_____
GARY PRINTY
Attorney for Defendant

_____
Date   June 18, 2020

_____
FREDDIE KNOWLES, III
Defendant

_____
Date   6/18/20

_____
MICHELLE DAFFIN
Assistant United States Attorney
Northern District of Florida
Florida Bar. No.:  0640761
1001 E. Business Hwy 98, Ste 200
Panama City, FL  32401
(850)785-3495

_____
Date   6/18/20